The People of the State of New York, Respondent, 
against
Darrell Stephens, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Linda Poust-Lopez, J.), rendered June 18, 2014, after a nonjury trial, convicting him of criminal trespass in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Linda Poust-Lopez, J.), rendered June 18, 2014, reversed, on the facts and as a matter of discretion in the interest of justice, and the information is dismissed.
The verdict convicting defendant of criminal trespass in the third degree (see Penal Law § 140.10[a]) was against the weight of the evidence. "[A]n acquittal would not have been unreasonable" as there was distinctly conflicting testimony and a lack of evidence establishing defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). At the time of the alleged incident, the testifying/arresting officer was admittedly inside a subway restroom, washing her hands and attempting to look through vents in the restroom door, when she purportedly observed the defendant enter the station without paying the required fare. In contrast, defendant, a Parks Department employee, testified that he was on his way home from work when he swiped his MetroCard before entering the turnstile; that he observed two other individuals jump the turnstile; and that the officers (including the one who arrested defendant) were unable to apprehend those individuals before confronting defendant. On this record, since the testifying officer's observations were made through vents in a door and there was no other evidence to establish defendant's guilt, it cannot be said that defendant's conviction was supported by the weight of the credible evidence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 11, 2018